**Joseph S. May   SBN 245924**
**Has S. Jawandha   SBN 322005**
**LAW OFFICE OF JOSEPH S. MAY**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 781-3333
Fax: (415) 707-6600
joseph@josephmaylaw.com

**Sanjay S. Schmidt   SBN 247475**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 563-8583
Fax: (415) 223-9717
ss@sanjayschmidtlaw.com

Attorneys for Plaintiffs
**LISSETTE MUÑOZ and JAIME MUÑOZ**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LISSETTE MUÑOZ and JAIME MUÑOZ, | CASE NO. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| v. | 1. 42 U.S.C. § 1983 – Civil Rights Violations |
| CITY OF DALY CITY, a municipality; Daly City Police Department Officers ALEJANDRO MURILLO, individually, MATTHEW CIUCCI, individually, JONATHAN PREMENKO, individually, TOMMY YIP, individually, JOSE ORTEGA, individually, SANTINO SOYANGCO, individually, and TYRELL CLINKSCALES, individually; Daly City Police Department Sergeant MICHAEL HARALAMBIDIS, individually; Daly City Police Department Chief PATRICK HENSLEY; COUNTY OF SAN MATEO, a municipality; and DOES 1 to 50, inclusive, | 2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability<br>3. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>4. Cal. Const., Art. I, § 13<br>5. False Arrest and False Imprisonment<br>6. Invasion of Privacy<br>7. Negligence |
| Defendants. | |

1

*Muñoz v. City of Daly City et al.*, Case No. _____
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiffs LISSETTE MUÑOZ ("Lissette") and JAIME MUÑOZ ("Jaime") (collectively, "Plaintiffs") complain against Defendants CITY OF DALY CITY, ALEJANDRO MURILLO, MATTHEW CIUCCI, JONATHAN PREMENKO, TOMMY YIP, JOSE ORTEGA, SANTINO SOYANGCO, TYRELL CLINKSCALES, MICHAEL HARALAMBIDIS, PATRICK HENSLEY, COUNTY OF SAN MATEO, and DOES 1 to 50, inclusive, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it arises under the Constitution and laws of the United States, as it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This Court has supplemental jurisdiction over the claims arising under California law, pursuant to 28 U.S.C. § 1367(a).

2. This Court is the proper venue, pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the County of San Mateo.

## PARTIES

3. Plaintiffs LISSETTE MUÑOZ and JAIME MUÑOZ are adults over the age of eighteen, and at all times relevant hereto, were and are residents of the County of San Mateo, California.

4. Defendant CITY OF DALY CITY ("CITY") is a municipality in the County of San Mateo, organized and existing under the laws of the State of California, and under its authority, the Daly City Police Department is operated.

5. Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, and CLINKSCALES were at all material times officers, employed by the Daly City Police Department ("DCPD"), and at all relevant times were acting under color of state law, and within

2

the course and scope of their employment with the CITY OF DALY CITY. These defendants are sued in their individual capacities.

6. Defendant HARALAMBIDIS was at all material times a Sergeant, employed by the Daly City Police Department, and at all relevant times was acting under color of state law and within the course and scope of his employment with the CITY OF DALY CITY. Defendant HARALAMBIDIS is sued in his individual capacity, including his capacity as a supervisor.

7. Defendant PATRICK HENSLEY was, at all material times, the Chief of the Daly City Police Department, acting under color of state law and within the course and scope of his employment for the CITY OF DALY CITY. HENSLEY was the final policy-making official for the Daly City Police Department, and was responsible for all policies, procedures, and training for the Department. Chief HENSLEY is sued in his individual capacity as the Chief of Police for the DCPD.

8. Defendant COUNTY OF SAN MATEO ("COUNTY") is a political subdivision of the State of California, organized and existing under California law, and operates the San Mateo Public Safety Communications.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1-50, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities if and when the same are ascertained. Plaintiffs are informed and believe, and thereon allege, that said Defendants, and each of them, are responsible in some manner for Plaintiffs' damages as herein alleged. Each reference in this complaint to "defendant," "defendants," "Defendants," or a specifically named defendant also refers to some or all "DOE" defendants.

10. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the

3

events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

11. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and/or employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other actionable harm.

13. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GENERAL FACTUAL ALLEGATIONS**

15. On January 27, 2018, a crime was reported to COUNTY OF SAN MATEO Public Safety Communications, involving a woman breaking a glass over a man's head at

Classic Bowling Center, located at 900 King Plaza, in Daly City, California. Defendants MURILLO, SOYANGCO, CLINKSCALES, and HARALAMBIDIS responded to the call, arrived at the Classic Bowling Center, and learned, among other things, that the suspect was ~250 pounds, and a bartender who refused to provide officers with any of her identifying information (i.e., an anonymous informant) told the officers that "she thinks" the suspect "was using a credit card with the name Muniz, Lisette." The anonymous bartender stated that she had not checked for an identification card to make sure the person's name matched the credit card. The officers also learned that the suspect likely suffered a deep laceration to her hand as a result of breaking the glass over the victim's head; there was blood all over the walls inside of the restroom, where the suspect had gone after breaking the glass over the man's head.

16. The incident was captured on video by the surveillance cameras at Classic Bowl, where there are surveillance cameras surrounding the bar (and situated elsewhere), thus enabling the investigating officers to view video of the incident, the suspect, and the victim. Defendant MURILLO watched a portion of the video footage depicting the incident from one angle.

17. Defendants MURILLO, SOYANGCO, CLINKSCALES, and/or HARALAMBIDIS attempted to conduct a "records check" for the alleged suspect, "Lisette Muniz," by inquiring with a to-be-identified individual at the COUNTY OF SAN MATEO Communications; instead of conducting proper investigation and identifying the actual suspect, Defendants inexplicably obtained the address of Plaintiffs' residence. This address was purportedly given by an employee of the COUNTY OF SAN MATEO (a to-be-identified DOE Defendant, who will be named in an amended complaint when so identified) to Defendants CIUCCI, PREMENKO, and YIP, who, without further investigation, responded to Plaintiffs' home.

18. Meanwhile, LISSETTE MUÑOZ and JAIME MUÑOZ were and had been at home because the married couple was getting ready to go out on a date night together; they had reservations to go to dinner at a Steakhouse in San Francisco.

19. The information and evidence known and/or reasonably available to Defendants, including surveillance footage from the bowling alley, made it extremely clear that Plaintiffs were not involved in the suspected crime, and a proper consideration of additional, available information and evidence would have made this *even more clear* than it already was, but Defendants CIUCCI, PREMENKO, and YIP, as well as possibly other DCPD officers, nonetheless, unlawfully entered Plaintiff's home without a warrant. Subsequently, the information obtained while in Plaintiffs' home further exculpated Mrs. Muñoz, and confirmed that Plaintiffs were not the couple involved in the suspected crime. This information included, but was not limited to, Mr. Muñoz's denial that he had been a suspect of a battery, the absence of any evidence of injury to Mr. Muñoz's head, Mrs. Muñoz's denial of any involvement in the suspected crime and offer to provide evidence that would exculpate her, the absence of any evidence that Mrs. Muñoz had committed the crime, the disparity between the suspect's description and Mrs. Muñoz's physical appearance and clothing, and the obvious disparity in appearance between the actual suspect and Mrs. Muñoz, among other things.

20. After unlawfully entering the Muñoz's home, the DCPD Defendants unlawfully searched various parts of the Plaintiffs' home.

21. The DCPD Defendants were told they were mistaken, and were presented with exculpatory evidence, but they ignored Plaintiffs and ignored and/or refused to consider the exculpatory evidence.

22. An officer contemplating an arrest is not free to disregard plainly exculpatory evidence. Officers fail to act reasonably when they fail to investigate material, exculpatory

6

evidence. Indeed, an officer cannot ignore available facts, and cannot disregard facts tending to dissipate probable cause.

23. Yet, despite the overwhelming evidence of her innocence and stark absence of probable cause, Defendants CIUCCI, PREMENKO, and YIP arrested Plaintiff LISSETTE MUÑOZ in her home, placed her in handcuffs, walked her to the police car outside, in plain view of her neighbors (including at least one who was outside), and transported her to the Daly City Police Department. The handcuffs were on Mrs. Muñoz very tight, and she was uncomfortable.

24. Officers at the bowling alley continued to view the video surveillance, and *after* Plaintiff had *already* been arrested, photographs of the actual suspect (taken from the surveillance video) were sent to the arresting officers; once the arresting officers viewed these photographs, they finally realized they arrested an innocent woman, and released Mrs. Muñoz.

25. Plaintiffs presented proper and timely tort claims to the CITY OF DALY CITY and COUNTY OF SAN MATEO, pursuant to California Government Code Section 910 et seq., and this action has been thereafter filed within all applicable statutes of limitation.

26. On or about February 22, 2018, Plaintiffs initiated an internal affairs complaint with the CITY OF DALY CITY based on the foregoing events. Plaintiffs are informed and believe, and thereon allege, that the CITY OF DALY CITY has failed to properly investigate the incident, and/or failed to take any action to discipline the involved officers or avoid similar incidents from occurring in the future; such conduct evidences the ratification of the foregoing acts and omissions by the CITY OF DALY CITY and Defendant HENSLEY, and evidences a deliberate indifference to the rights of citizens by the CITY OF DALY CITY and Defendant HENSLEY.

27. Defendants acted as integral participants, each with fundamental involvement in the violations of Plaintiffs' rights described herein.

28. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise unreasonable.

29. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff LISSETTE MUÑOZ sustained the following injuries and damages, past and future, among others:

   a. Wrongful seizure and false imprisonment;
   b. Violations of First, Fourth, and Fourteenth Amendment rights;
   c. Violations of state and federal constitutional rights;
   d. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
   e. All legally cognizable special and general damages; and,
   f. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

30. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff JAIME MUÑOZ sustained the following injuries and damages, past and future, among others:

   a. Violations of First, Fourth, and Fourteenth Amendment rights;
   b. Violations of state and federal constitutional rights;
   c. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
   d. All legally cognizable special and general damages; and,
   e. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

//
//
//
//
//
//
//
//
//
//

8

## FIRST CAUSE OF ACTION
## (42 U.S.C. §1983 – FIRST, FOURTH, and FOURTEENTH AMENDMENT VIOLATIONS)
## Plaintiffs Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, and DOES 1-25

31. Plaintiffs LISSETTE MUÑOZ and JAIME MUÑOZ re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

32. By the actions and omissions described above, the Defendants named in this cause of action and DOES 1-25, acting under color of state law in their individual capacities, and as integral participants, violated 42 U.S.C. § 1983, depriving Plaintiffs of their civil rights by violating their rights under the First, Fourth, and Fourteenth Amendment to the U.S. Constitution. These deprivations include, but are not limited to:

    a. The right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and/or support, as secured by the First and Fourteenth Amendments; and,

    b. The right to be free from unreasonable searches and seizures.

33. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiffs would be violated by their acts and/or omissions. The acts and/or omissions of the named Defendants and DOES 1-25, as set forth herein, were the moving force behind and proximately caused injuries and damages to Plaintiffs, as set forth in ¶¶ 29-30, above.

34. Any supervisors, including, but not limited to, Defendant HARALAMBIDIS, a DCPD Sergeant, that failed to prevent the unconstitutional acts of said Defendants and/or failed to properly supervise them are liable directly and in their capacity as a supervisor.

35. The conduct of said Defendants and DOES 1-25 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. No punitive damages are sought against either the CITY OF DALY CITY or COUNTY OF SAN MATEO

9

directly.

36.    Plaintiffs are also entitled to reasonable costs and attorneys' fees, under 42 U.S.C. § 1988 and applicable California codes and laws.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §1983 – MUNICIPAL AND SUPERVISORY LIABILITY)**
**Plaintiffs Against Defendants CITY OF DALY CITY, DCPD Chief PATRICK HENSLEY, and DOES 26-36**

37.    Plaintiffs LISSETTE MUÑOZ and JAIME MUÑOZ re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

38.    The unconstitutional actions and/or omissions of the individually named Defendants, DOES 1–25, and others employed by or acting on behalf of Defendant CITY OF DALY CITY, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the DCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officials for Defendant CITY OF DALY CITY and the DCPD:

a.    Allowing its law-enforcement officers to develop the custom of making unlawful entries into homes, followed by unlawful searches of such homes and/or failing to properly train and/or supervise its officers regarding such conduct;

b.    Allowing its law-enforcement officers to develop the custom of making unlawful arrests inside of homes, followed by or preceded by unlawful searches of such homes and/or failing to property train and/or supervise its officers regarding such conduct;

c.    Allowing its law-enforcement officers to develop the custom of proximately causing unreasonable searches and/or seizures;

d.    Allowing its law-enforcement officers to develop the custom of effectuating unlawful seizures, including unlawful arrests;

e.    Failing to train its officers in how to conduct a proper and thorough investigation;

f.    Failing to train its officers to conduct a reasonable investigation before invoking the awesome power of arrest;

g. Failing to train its officers that an officer contemplating an arrest is not free to disregard plainly exculpatory evidence, that officers fail to act reasonably when they fail to investigate material, exculpatory evidence, and/or that an officer cannot ignore available facts, and cannot disregard facts tending to dissipate probable cause;

h. Covering up or ratifying violations of constitutional rights by any or all of the following:

   i. By failing to properly investigate and/or evaluate complaints or incidents involving unlawful home entries and/or unlawful arrests;

   ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law-enforcement activity;

   iii. By allowing, tolerating, and/or encouraging law-enforcement officers to: fail to file complete and accurate police reports; fie false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

   iv. By failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as: conducting reasonable, adequate, and through investigations before setting into motion events that proximately will cause home entries, home searches, arrest(s), imprisonment, and/or other liberty deprivations of citizens;

   v. By failing to supervise and/or discipline officers or CITY employees for negligent and/or reckless conduct that results in the violation of citizens' civil rights;

   vi. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and DCPD personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

   vii. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*;

   viii. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints made to the internal affairs division of the CITY OF DALY CITY Police Department; and,

11

ix. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or to correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (h) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, in the face of an obvious need for such policies, procedures, and training programs.

39. In the alternative, upon information and belief, Defendants may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

40. Defendants CITY OF DALY CITY, HENSLEY, and DOES 26-36 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the named Defendants, DOES 1–25, and other DCPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

41. The unconstitutional actions and/or omissions of the named Defendants, DOES 1–25, and other DCPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officials for the DCPD, including Defendant DCPD Chief HENSLEY.

42. Plaintiffs are informed and believe, and thereupon allege, that the details of the incident described above have been revealed to the authorized policy makers within Defendant CITY OF DALY CITY and the DCPD, including, but not limited to, Defendant HENSLEY, and that such policy makers have direct knowledge of the fact that the entry of Plaintiffs' home, the search of Plaintiffs' home, the arrest of Plaintiff LISSETTE MUÑOZ, and the separation of Plaintiffs LISSETTE MUÑOZ and JAIME MUÑOZ from one another were unlawful.

43. Notwithstanding this knowledge, the authorized policy makers within Defendant CITY OF DALY CITY and the DCPD have approved of the entry of Plaintiffs' home, the search of Plaintiffs' home, the arrest of Plaintiff LISSETTE MUÑOZ, and the separation of Plaintiffs LISSETTE MUÑOZ and JAIME MUÑOZ from one another by the named Defendants and DOES 1–25, and they have made a deliberate choice to endorse Defendants' conduct.

12

44. By so doing, the authorized policy makers within Defendant CITY OF DALY CITY and the DCPD have shown affirmative agreement with the individual Defendant officers' actions, and they have ratified the unconstitutional acts of Defendants and DOES 1–25.

45. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of the individually named Defendants and DOES 1–25 were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in ¶¶ 29-30, above.

46. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY OF DALY CITY, HENSLEY, and DOES 26-36, as described above, Plaintiffs suffered liberty deprivations, incurred damages, and, thus, they are entitled to damages, penalties, costs and attorneys' fees, as set forth above, in ¶¶ 29-30, and they are entitled to punitive damages against Defendant HENSLEY and/or any other, to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.

**THIRD CAUSE OF ACTION**
**(CALIFORNIA CIVIL CODE § 52.1 – VIOLATION OF BANE ACT)**
**Plaintiffs Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, CITY, and DOES 1-25**

47. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

48. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and violated Plaintiffs' rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

13

a. Plaintiff LISSETTE MUÑOZ's right to be free from unreasonable seizures, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

b. Plaintiffs' right to be free from unreasonable searches, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

c. Plaintiffs' right not to be deprived of liberty or property without due process of law, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

d. Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society, and support, as secured by the First and Fourteenth Amendments to the United States Constitution;

e. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

f. Plaintiff LISSETTE MUÑOZ's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

49. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' rights, Defendants violated Plaintiffs' rights by the following conduct constituting threat(s), intimidation, or coercion:

a. Unlawfully entering Plaintiffs' home in a threatening, intimidating, or coercive manner;

b. Trying to coerce Plaintiff LISSETTE MUÑOZ into "admitting" that she was the suspect;

c. Arresting Plaintiff LISSETTE MUÑOZ unlawfully, and over-tightening her handcuffs;

d. Unlawfully separating Plaintiff LISSETTE MUÑOZ from her husband, JAIME MUÑOZ, and unlawfully separating JAIME MUÑOZ from his wife, LISSETTE MUÑOZ, as a result of the unlawful seizure of Plaintiff LISSETTE MUÑOZ; and,

e. Violating Plaintiff GUTIERREZ's rights to be free from an unlawful seizure and false imprisonment.

50. Further, all of Defendants' violations of duties and rights and coercive conduct,

14

described herein, were volitional acts; none were accidental or merely negligent.

51. Defendant CITY OF DALY CITY is vicariously liable for the violation of rights by its employees and agents, pursuant to California Government Code § 815.2.

52. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶¶ 29-30, and to punitive damages against the individual Defendants and DOES 1–25 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against the CITY OF DALY CITY directly.

**FOURTH CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
**Plaintiffs Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, CITY, and DOES 1-25**

53. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

54. The unreasonable search, seizure, incarceration, and wrongful setting into motion of the chain of events that led to the unreasonable search, seizure, and false imprisonment of Plaintiff LISSETTE MUÑOZ violated Plaintiffs' rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiffs to damages.

55. Defendant CITY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

56. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries

15

and damages, as set forth above, in ¶¶ 29-30. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

57.    In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the CITY directly.

**FIFTH CAUSE OF ACTION**
**(FALSE ARREST AND FALSE IMPRISONMENT)**
**Plaintiff LISSETTE MUÑOZ Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, CITY, COUNTY OF SAN MATEO, and DOES 1-25**

58.    Plaintiff LISSETTE MUÑOZ re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

59.    By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was falsely arrested and falsely imprisoned, thereby entitling Plaintiff to damages, pursuant to California law.

60.    The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified DOE Defendants.

61.    Neither Defendant CITY, nor Defendant COUNTY OF SAN MATEO, are sued directly in this cause of action, but they are named because these entities are vicariously liable, pursuant to California Government Code section 815.2.

62.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 29. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against

16

Defendants in their individual capacities. No punitive damages are sought against the CITY or COUNTY directly.

**SIXTH CAUSE OF ACTION**
**(INVASION OF PRIVACY)**
**Plaintiffs Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, CITY, COUNTY and DOES 1-25**

63. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

64. Plaintiffs' home is a private and personal place and contained private and personal belongings. By the acts alleged above, Defendants intruded into a private place, conversation, or matter, in which Plaintiffs had a reasonable expectation of privacy, in a manner highly offensive to a reasonable person, which amounted to an invasion of Plaintiffs' privacy.[1]

65. Defendants CITY and COUNTY are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

66. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶¶ 29-30. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the CITY or COUNTY.

//

//

//

---

[1] *Shulman v. Group W. Prods Inc.*, 18 Cal.4th 200, 231-232 (1998).

17

## SEVENTH CAUSE OF ACTION
### (NEGLIGENCE)
### Plaintiffs Against Defendants MURILLO, CIUCCI, PREMENKO, YIP, ORTEGA, SOYANGCO, CLINKSCALES, HARALAMBIDIS, CITY, COUNTY and DOES 1-25

67. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

68. At all material times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

69. At all material times, each Defendant owed Plaintiffs the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiffs by Defendants and DOES 1–25 include, but are not limited to, the following specific obligations:

    a.    To conduct a reasonable investigation before proximately causing a person to be seized.

    b.    To conduct a reasonable investigation before invoking the awesome power of arrest.

    c.    To investigate, in order to confirm an individual encountered is the *actual*, wanted suspect before arresting them, when faced with whether a person encountered is a suspect or not.

    d.    To prevent innocent persons from being falsely arrested and imprisoned.

    e.    To either follow one's training and experience – or seek and obtain the proper training or experience – concerning the investigation of crimes and identification of suspects.

    f.    To refrain from abusing their authority granted them by law;

    g.    To refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

70. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants and DOES 1–25, include but are not limited to the following specific obligations:

    a.    To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement

18

officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b.    To make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs' rights;

    c.    To refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶¶ 38(a)–(h), above.

71. The individually named Defendants and DOES 1-25, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiffs.

72. Defendants CITY and COUNTY are vicariously liable, pursuant to California Government Code § 815.2.

73. As a direct and proximate result of the negligence of the individually named Defendants and DOES 1–25, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, at ¶¶ 29-30, and to punitive damages against the individual Defendants and DOES 1–25. No punitive damages are sought against the CITY or COUNTY directly.

## **PRAYER FOR RELIEF**

74. WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    Compensatory damages in an amount according to proof and which is fair, just and reasonable;

    b.    Punitive damages against the individual officers described herein, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendants CITY OF DALY CITY and COUNTY OF SAN MATEO);

    c.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

    d.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

    e.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 1021.5;

California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

f.  Injunctive relief, including but not limited to the following:

i.  An order prohibiting Defendant CITY OF DALY CITY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and,

g.  For such other and further relief as this Court may deem appropriate, just, or proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted.

Dated: January 25, 2019                          Respectfully Submitted,

**LAW OFFICE OF JOSEPH S. MAY**
-and-
**LAW OFFICE OF SANJAY S. SCHMIDT**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
Attorneys for Plaintiff
LISSETTE MUÑOZ and JAIME MUÑOZ

20